# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JEFFERY ALLEN BAKER,

    Petitioner,

vs.

JOHN FAYRAM,

    Respondent.

No. C15-0016-LRR

ORDER

This matter is before the court pursuant to the petitioner's application to proceed in forma pauperis (docket no. 1) and application for a writ of habeas corpus (docket no. 1-1). The petitioner submitted those applications on February 12, 2015. The petitioner did not pay the required filing fee. *See* 28 U.S.C. § 1914.

Based on the petitioner's statements, the court concludes that the petitioner has sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $5.00 filing fee). Thus, the petitioner's application to proceed in forma pauperis shall be denied. *See generally* 28 U.S.C. § 1915. The petitioner shall be directed to submit $5.00 by no later than May 25, 2015. The clerk's office shall be directed to file the application for a writ of habeas corpus for the purpose of making a record.

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of the application for a writ of habeas corpus and summarily dismiss it, order a response or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application for a writ of habeas corpus and its exhibits that the petitioner is not entitled to relief. *See id.*; 28

U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

Applications for habeas corpus relief are subject to a one-year statute of limitation as provided in 28 U.S.C. § 2244(d)(1). "By the terms of [28 U.S.C. §] 2244(d)(1), the one-year limitation period [. . .] begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).[1] It is clear that the statute of limitation started to run in 2001, that is, the year in which all of the petitioner's direct appeal proceedings concluded and his conviction for kidnapping in the first degree became final. *See State v. Baker*, No. 99-0950, 2000 WL 1027290 (Iowa Ct. App. 2000); *State v. Baker*, Case No. FECR001525 (Bremer Cnty. Dist. Ct. 1999);[2] *see also* 28 U.S.C. §

---

[1] 28 U.S.C. § 2244(d)(1) provides:
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[2] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

2244(d)(1)(A) (specifying that the 1-year period of limitation runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Gonzalez v. Thaler*, ___ U.S. ___, ___, 132 S. Ct. 641, 653-54 (2012) (explaining 28 U.S.C. § 2244(d)(1)(A)).

Due to the one-year statute of limitation under 28 U.S.C. § 2254, the petitioner's application for a writ of habeas corpus is only timely if the period was "tolled" for all but a period of less than one year between 2001 and February 12, 2015, that is, the date he filed the instant action. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). Post-conviction relief actions filed before or during the limitation period for habeas corpus actions are "pending" and the limitation period is tolled during: (1) the time "a properly filed" post-conviction relief action is before the district court; (2) the time for filing of a notice of appeal even if the petitioner does not appeal; and (3) the time for the appeal itself. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2)); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *Evans v. Chavis,* 546 U.S. 189, 191 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, *provided that* the filing of the notice of appeal is timely under state law"); *Snow v. Ault*, 238 F.3d 1033, 1035-36 (8th Cir. 2001) (concluding that 28 U.S.C. § 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief).

Although the petitioner filed two state post-conviction relief actions, over one year passed without any portion of the applicable period being tolled. *See Baker v. State*, Case No. LACV148320 (Bremer Cnty. Dist. Ct. 2003) (2/12/2001 to 4/18/2005); *Baker v. State*, Case No. PCCV002559 (Bremer Cnty. Dist. Ct. 2012) (7/25/2005 to 3/14/2014); *see also* 28 U.S.C. § 2244(d)(2) (explaining that "[t]he time during which a properly filed

3

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending [is not counted] toward any period of limitation"). Indeed, the petitioner did not pursue any type of state post-conviction relief for approximately 14 months.[3]

Because the one-year statue of limitation contained in 28 U.S.C. § 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling may apply. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Moore v. United States*, 173 F.3d 1131, 1135-36 (8th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file [an application] on time." *Kreutzer*, 231 F.3d at 463; *see also Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("In the AEDPA environment, courts have indicated that equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (observing that equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result"); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (stating that equitable tolling is reserved for extraordinary circumstances beyond a prisoner's control). "[E]quitable tolling may be appropriate when conduct of the [respondent] has lulled the [petitioner] into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir.1993)). In this case, the petitioner presents no extraordinary circumstances justifying

---

[3] The court notes that the issues asserted in the petitioner's latter state post-conviction relief action do not overcome the one-year period of limitation. *See Baker v. State*, No. 12-1932, 2013 Iowa App. LEXIS 1283 (Iowa Ct. App. 2013); *Baker v. State*, No. 06-1530, 2008 Iowa App. LEXIS 1088 (Iowa Ct. App. 2008); *see also* 28 U.S.C. § 2244(d)(1)(A)-(D) (specifying that the 1-year period of limitation runs from the latest of four dates).

the application of equitable tolling. *See Delaney*, 264 F.3d at 14 (clarifying that a party who seeks to invoke equitable tolling bears the burden of establishing the basis for it).

Based on the foregoing, the petitioner's application for a writ of habeas corpus shall be denied as untimely. Judgment shall be entered in favor of the respondent. As for a certificate of appealability, the petitioner has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The petitioner's application to proceed in forma pauperis (docket no. 1) is denied.

(2) The petitioner is directed to submit $5.00 by no later than May 25, 2015.

(3) The clerk's office is directed to file the application for a writ of habeas corpus (docket no. 1-1) for the purpose of making a record.

(4) The petitioner's application for a writ of habeas corpus is denied.

(5) The clerk's office is directed to enter judgment in favor of the respondent.

(6) A certificate of appealability is denied.

**DATED** this 29th day of April, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA